**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.   ROOM 2042**<br>**NEWARK, NJ 07102**<br>**973-645-3827** |

**Not for Publication**

LETTER OPINION AND ORDER

July 28, 2009

**VIA CM/ECF**
All counsel of record

    Re:    United States of America vs. Martin G. Margolis
             Civil Action No. 07-4313 (SRC) (MAS)

Dear Counsel:

This matter comes before the Court by way of Defendant's Motion to Amend his Answer and Counterclaim. (Docket Entry No. 37.) For the reasons set forth below, Defendant's motion is granted in part and denied without prejudice in part.

**I.    BACKGROUND**

On or about September 7, 2007, Plaintiff filed the instant complaint. Defendant filed an answer on December 17, 2007. On November 5, 2008, the court denied the Plaintiff's motion for summary judgment. Defendant now seeks leave of the court to amend his answer to add an affirmative defense and to assert two counterclaims. The affirmative defense alleges that Plaintiff is precluded from instituting this action by 26 C.F.R. § 301.6331-4(b)(2) because the installment agreement was not properly terminated for any of the reasons enumerated in 26 U.S.C. § 6159(b). The first counterclaim seeks reinstatement of the installment agreement under 5 U.S.C. § 702. The second

counterclaim is an unauthorized collection action under 26 U.S.C. §7433. Plaintiff opposes each amendment solely on the grounds of futility of amendment.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(1) establishes that "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar." Otherwise, according to Rule 15(a)(2) "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

"The grant or denial of leave to amend is matter committed to the sound discretion of the trial court." *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a particularly liberal approach to the amendment of pleadings in order to ensure that "a particular claim will be decided on the merits rather than on technicalities." *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486-87 (3d Cir. 1990). Thus, "[a] general presumption exists in favor of allowing a party to amend its pleadings." *Del Sontro v. Cendant Corp.*, 223 F. Supp. 2d 563, 576 (D.N.J. 2002). Furthermore, Rule 15 requires that "the leave sought should . . . be 'freely given [when justice so requires].'"  If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Leave to amend may be denied only where the Court finds: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the non-moving party; or (4) futility of amendment. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000).

2

Here, Plaintiff opposes each of Defendant's proposed amendments solely on grounds of futility. "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). To determine whether a proposed amendment is futile the Court applies the same standard as a motion to dismiss under Rule 12(b)(6). *Medpointe Healthcare, Inc. v. Hi-Tech Pharmacal Co., Inc.*, 380 F. Supp. 2d 457, 462 (D.N.J. 2005). Therefore, the Court must accept all factual allegations as true "as well as the reasonable inferences that can be drawn from them." *Brown v. Phillip Morris, Inc.*, 250 F.3d 789, 796 (3d Cir. 2001). "This does not require the parties to engage in the equivalent of substantive motion practice upon the proposed new claim or defense; this does require, however, that the newly asserted [claims] appear to be sufficiently well-grounded in fact or law that it is not a frivolous pursuit." *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 468 (D.N.J. 1990).

### III.  ANALYSIS

#### A.  Affirmative Defense: Wrongful termination pursuant to 26 U.S.C. § 6159(b)

Defendant argues that the IRS wrongfully terminated the Installment Agreement and, therefore, is precluded from instituting the instant collection action.

Installment Agreements are agreements between the Secretary of the Treasury Department ("Secretary") and a taxpayer for the payment of taxes. Such agreements are governed by 26 U.S.C. § 6159 and once executed can only be terminated for the specific reasons set forth in subsection (b) of the statute. Relevant to the instant motion, the statute provides that the "Secretary may alter, modify, or terminate an [installment] agreement . . . [i]n the case of the failure of the taxpayer . . . to provide a financial condition update as requested by the Secretary." 26 U.S.C. § 6159(b)(4)(c).

Additionally, the IRS may not refer a case to the Department of Justice ("DOJ") for the commencement of a civil action regarding the tax liability covered by the Installment Agreement while the Installment Agreement is still in effect. 26 U.S.C. § 6331(k)(2)(c); 26 C.F.R. § 301.6331-4(a).

Here, Defendant entered into an Installment Agreement with the Secretary for the payment of taxes. Each month Defendant made the payments as required. On or about February 20, 2006, the IRS sent ten separate Notices of Intent to Levy ("Notices") to the Defendant. Each Notice alleged that Defendant had defaulted on the Installment Agreement by failing to provide the IRS with updated financial statements. Defendant contends that he did not receive a request for updated financial information prior to receiving the Notices.

In any event, the Notices stated that "to prevent collection action, you must provide us with your updated financial statement. We will charge a reinstatement fee that we will take from your first payment." This language provided Defendant with the opportunity to cure the default and prevent termination of the Installment Agreement. Therefore, on February 28, 2006, Defendant sent the IRS his updated financials and a letter requesting that the Installment Agreement be reinstated. Defendant continued making payments under the Installment Agreement for six months after the receipt of the Notices. There is nothing in the record to suggest that the IRS rejected Defendant's attempt to cure.

The court can reasonably infer that because the IRS did not expressly reject Defendant's attempt to cure and continued to accept installment payments, that the Installment Agreement was in effect on August 28, 2007 when the IRS referred this matter to the DOJ for the commencement of the instant civil action.

Accepting Defendant's factual allegations as true, as well as all reasonable inferences that can be drawn from them, it appears that the Secretary may have improperly terminated the Installment Agreement. Accordingly, the Defendant should be given the opportunity to prove that the Secretary may have been prohibited from referring the case to the Department of Justice for commencement of the instant action. Therefore, Defendant's motion for leave to file the proposed affirmative defense pursuant to 26 U.S.C. § 6159(b) is GRANTED.

### B.  Proposed Counter-Claim pursuant to 5 U.S.C. § 702

Defendant's proposed counter-claim seeks judicial review of Plaintiff's termination of the Installment Agreement and reinstatement of the Installment Agreement.

Plaintiff argues that Defendant's proposed counter-claim is futile because (1) Defendant failed to exhaust his administrative remedies under the Administrative Procedures Act ("APA") and (2) the Anti-Injunction Act ("AIA"), 26 U.S.C. § 7421, bars reinstatement of the Installment Agreement.

#### 1.  Exhaustion of Remedies

Under the APA, the challenged agency action must be "final" before it can be subject to judicial review. 5 U.S.C. §§ 704 & 705. Under the related doctrine of "exhaustion," "an appeal to [a] 'superior agency authority' is a prerequisite to judicial review [under the APA] . . . when expressly required by statute or when an agency rule requires appeal before review." *Clouser v. Espy*, 42 F.3d 1522, 1531-32 (9th Cir.1994)(quoting *Darby v. Cisneros*, 509 U.S. 137, 152-54 (1993)).

Here, the relevant statute, namely 26 U.S.C. § 6159(b), does not expressly require administrative review prior to judicial review. Furthermore, Plaintiff did not direct the court to an agency rule requiring appeal before review. Therefore, the court does not find futility of amendment for failure to exhaust administrative remedies.

### 2. Anti-Injunction Act ("AIA"), 26 U.S.C. §7421

Under the AIA, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421. "The manifest purpose of § 7421(a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund." *Enochs v. William Packing & Navigation Co.,* 370 U.S. 1, 7 (1962).

Here, Defendant's proposed amendment does not restrain the assessment or collection of the tax. Moreover, Defendant concedes that the government is entitled to the collection of the taxes. Stated another way, Defendant's proposed counter-claim seeks *to pay* taxes through the reinstatement of the Installment Agreement – which when accepting all of Defendant's factual allegations as true he has never breached. Accordingly, the Court is not persuaded that the AIA is applicable in the instant case.

Therefore, the court does not find that the AIA results in futility of amendment.

### 3. Interests of Justice

Under Rule 15(a)(2) "[t]he court should freely give leave when justice so requires." Here, the proposed counter-claim arises out of the same set of facts as Plaintiff's claim. *See* Federal Rule of Civil Procedure 13; *See also Grant v. U.S.*, 289 F. Supp. 2d 1361, 1366 (S.D. Fla. 2003) (Dismissing tax payer's suit under 26 U.S.C. § 6159 for failure to raise as counterclaim in prior collection action against taxpayer, as it arose from same set of facts). Therefore, if the court were to deny Defendant leave to assert the proposed counter-claim, then there is a likelihood that Defendant would be barred from bringing this claim in a separate action. In the interests of justice, Defendant's motion for leave to assert the proposed counter-claim is GRANTED.

### C. Proposed Counter-Claim pursuant to 26 U.S.C. § 7433

Plaintiff argues that Defendant's proposed counter-claim asserting an unlawful tax collection action is futile because Defendant has not exhausted his administrative remedies.

Defendant argues that exhaustion of remedies does not apply to suits seeking equitable relief, but only to those seeking damages. Furthermore, Defendant argues that even if the statute requires exhaustion, then he would be excused because "recourse to administrative remedies would be . . . futile." *Wright v. Inman*, 923 F. Supp. 1295, 1299 (D.Nev. 1996) (*quoting Clouser*, 42 F.3d at 1533).

Unlike Defendant's proposed counter-claim under 5 U.S.C. §702, Defendant's proposed counter-claim under 26 U.S.C. § 7433 for unauthorized tax collection activities requires the claimant to exhaust his administrative remedies prior to filing a civil suit. *See* 26 U.S.C. § 7433(d). In order to exhaust administrative remedies the litigant must file an administrative claim for unauthorized collections actions with the IRS "in writing to the district director . . . in the district in which the taxpayer currently resides." *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994) (*citing* Treas. Reg. § 301.7433-1(e)). Third Circuit precedent clearly holds that failure to exhaust administrative remedies deprives the court of jurisdiction. *Id.* (*citing Information Resources, Inc. v. United States*, 950 F.2d 1122 (5th Cir. 1992)). Furthermore, when exhaustion of remedies is necessary for this court to exercise jurisdiction, then the futility of exhaustion exception is unavailable. *Lawrence v. Attorney General of U.S.*, 200 Fed. Appx. 129, 130 (3d Cir. 2006).

Here, even accepting all of Defendant's factual allegations as true as well as the reasonable inferences that can drawn from them, the Court is not persuaded that Defendant exhausted his administrative remedies as set forth in in 26 C.F.R. § 301.7433-1(e). Defendant's failure to exhaust deprives this court of jurisdiction over his § 7433 claim.

Therefore, since this Court lacks subject matter jurisdiction over Defendant's proposed counter-claim, the Court finds futility of amendment. Accordingly, Defendant's motion for leave to assert a counter-claim pursuant to 26 U.S.C. § 7433 is DENIED without prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Defendant's Motion to Amend the Answer is GRANTED in part and DENIED without prejudice in part.

The parties are to file a joint proposed schedule for discovery limited to these amended claims within 10 days of the entry of this letter.


   s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**